No. 22,733.

HARRY STONE and LOTTIE STONE, *Appellees*, v. THE JARBALO STATE BANK, *Appellant*.

## OPINION DENYING A REHEARING.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion denying a rehearing filed October 9, 1920. (For original opinion of affirmance see *ante*, p. 332, 190 Pac. 1094.)

*John T. O'Keefe*, of Leavenworth, for the appellant.
*W. W. Hooper*, of Leavenworth, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In an application for a rehearing it is urged that this court has not properly applied sections 365 and 366 of the code of civil procedure to the notice given by the plaintiffs requesting an inspection of the contract for the sale of real

Stone v. Bank.

property from them to T. H. Moore. The entire notice, a portion of which was set out in the former opinion, reads:

"You are hereby notified that the undersigned, an attorney for the above named plaintiff (Stones) requests an inspection and copy of a letter written by W. T. Francis, dated St. Paul, Minn., March 1, 1917, to F. B. Morgan, president Jarbalo State Bank, Jarbalo, Kan., and in which letter was inclosed a deed of Harry Stone to T.. H. Moore for the land in controversy.

"You are also requested to present for inspection and copy a letter written by W. T. Francis, dated St. Paul, Minn., March 9, 1917, to F. B. Morgan, president Jarbalo State Bank, Jarbalo, Kan., referring to said deed, mentioned in the letter of March 1, stating that he had inclosed the same to be held until the $4,256.25 was paid by Mr. Moore.

"You are hereby notified that the undersigned, as attorney for the plaintiff, desires an inspection of the agreement between Harry Stone and Lottie Stone, dated January 24, 1917, for the sale of the real estate in controversy.

"This demand is made under section 7270 of the code of civil procedure of the Statutes of the state of Kansas for the year 1915.

"You are hereby notified to have in the court at the time or times of trials of this cause all and each of the above mentioned papers, so that the plaintiffs may have them to use in evidence if he so chooses."

Section 365 of the code of civil procedure requires the party desiring an inspection and copy to make application to the court or judge for an order to permit him to inspect and to take a copy of the instrument, if the party on whom the notice is served refuses to comply with the request within four days after the notice is served. The plaintiff did not make such application.

Section 366 of the code of civil procedure reads:

"Either party or his attorney if required shall deliver to the other party or his attorney a copy of any deed, instrument or other writing whereon the action or defense is founded, or which he intends to offer in evidence at the trial. If the plaintiff or defendant shall refuse to furnish the copy or copies required, the party so refusing shall not be permitted to give in evidence at the trial the original of which a copy has been refused. This section shall not apply to any paper a copy of which is filed with a pleading." (Gen. Stat. 1915, § 7270.)

The notice stated that the demand was made under this section, but the notice requested an inspection and not a copy of the agreement. Copies of certain letters, but not of the contract, were requested. The defendant was not in any way misled or misinformed by the notice. It knew exactly the in-

struments to which the notice referred. The defendant should have complied with the request. It must have deliberately elected not to do so, and it ought to be bound by its election, and should take the consequences flowing therefrom.

Even if the defendant were right in this contention, when it received the letter of instructions directing the delivery of the deed on the payment of a definite sum of money, it should have complied with those instructions, and should have retained the deed until that sum of money was paid, or should have returned the deed to the plaintiffs. The failure of the bank to comply with the instructions given to it renders it liable. (*Bank v. Wilson,* 101 Kan. 72, 165 Pac. 859; *Supply Co. v. Bank,* 103 Kan. 654, 176 Pac. 129; *Bank v. Bank,* 106 Kan. 303, 187 Pac. 697.) It was not the business of the bank to construe the contract or adjust differences between the plaintiffs and T. H. Moore.

The former opinion is adhered to, and a rehearing is denied.